IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** v. **SUE MI TERRY**, Defendant. | No. 24-cr-00427-LGS |

**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "amicus") respectfully moves for leave to file the accompanying amicus curiae brief in support of Defendant Sue Mi Terry's Motion to Dismiss Indictment. Defendant consents to this filing. The United States opposes this filing.

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *Micula v. Gov't of Romania*, No. 15 Misc. 107, 2015 WL 4643180, at *1 (S.D.N.Y. Aug. 5, 2015). Amicus briefs are appropriately accepted "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (internal quotation and citation omitted); *accord C&A Carbone, Inc. v. County of Rockland, N.Y.*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014).

Such is the case here. The Reporters Committee is an unincorporated nonprofit association founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name

confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

As an organization that advocates for the First Amendment and newsgathering rights of members of the news media, amicus has a strong interest in ensuring that federal criminal laws like the Foreign Agents Registration Act ("FARA") are not applied in ways that dissuade journalists from engaging in constitutionally-protected newsgathering activity and reporting on matters of public concern. The Reporters Committee has filed amicus briefs in prosecutions under federal criminal laws that have broader implications for the press, including, for instance, the Espionage Act of 1917, which resembles FARA in its facial breadth. *See, e.g.*, Brief for 31 Media Orgs. & Reps. Comm. for Freedom of the Press as Amici Curiae, *United States v. Morison*, 844 F.2d 1057 (4th Cir. 1988) (No. 86-5008), https://perma.cc/TZV6-4FD7 (filed Mar. 27, 1987); Brief of Reps. Comm. for Freedom of the Press as Amicus Curiae, *United States v. Hale*, No. 1:19-cr-00059 (E.D. Va. July 27, 2021), https://perma.cc/BCM4-DBWT (filed Sept. 23, 2019); *see also* Brief for Reps. Comm. for Freedom of the Press et al. as Amici Curiae, *Van Buren v. United States*, 593 U.S. 374 (2021) (No. 19-783), https://perma.cc/N877-ADHY (filed July 8, 2020) (noting that vagueness inherent in federal Computer Fraud and Abuse Act could sweep in routine journalistic activity and urging a narrowing construction). It has also filed briefs in cases in this court. *See, e.g.*, Brief for Reps. Comm. for Freedom of the Press & 31 Media Orgs. as Amici Curiae, *Uniformed Fire Ass'n v. DeBlasio*, No. 1:20-cv-05441-KPF (S.D.N.Y. Aug. 14, 2020), https://perma.cc/Y89N-HKHG.

Amicus respectfully requests leave to file the attached amicus brief to address the broader impact that certain legal arguments advanced in this prosecution might have on press freedom,

were the prosecution permitted to proceed. Specifically, the government's theory of criminal liability here is predicated in part on activities that are, as a legal matter, indistinguishable from the kinds of source-cultivation efforts and reporting that journalists regularly engage in, and for which they receive constitutional protection. *See Zerilli v. Smith*, 656 F.2d 705, 715 (D.C. Cir. 1981) (protecting identities of confidential sources); *Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001) (protecting dissemination of intercepted telephone conversation on matters of public concern); *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) (protecting editorial decision-making). As the attached amicus brief explains, the government's theory of liability here also runs contrary to how FARA has historically been interpreted and enforced. Were the statute to be read as expansively as the government urges, that theory would render the statute unconstitutionally overbroad and vague and would endanger journalism in the public interest.

For the foregoing reasons, the Reporters Committee respectfully requests leave to file the attached amicus brief.

Respectfully submitted,

*/s/ Gabriel Rottman*
Gabriel Rottman (*pro hac vice*)
  *Counsel of Record for Amicus Curiae*
Mara Gassmann*
Allyson Veile*
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
grottman@rcfp.org

**Of counsel*

## CERTIFICATE OF SERVICE

    I, Gabriel Rottman, do hereby certify that I have filed the foregoing Motion for Leave to File Brief of Amicus Curiae and Attached Proposed Brief of Amicus Curiae electronically with the Clerk of the Court for the United States District Court for the Southern District of New York using the ECF filing system on March 5, 2025, which will automatically send notices of such filing to all counsel of record.

                                                    */s/ Gabriel Rottman*
                                                    Gabriel Rottman (*pro hac vice*)
                                                       *Counsel of Record for Amicus Curiae*
                                                    Reporters Committee for
                                                        Freedom of the Press