

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

March 21, 2025

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Sue Mi Terry*, 24 Cr. 427 (LGS)

Dear Judge Schofield:

      The Government respectfully writes in opposition to the motions of (1) the Knight First Amendment Institute at Columbia University and the American Civil Liberties Union ("Columbia/ACLU") and (2) the Reporters Committee for Freedom of the Press ("Reporters Committee") to file amicus briefs in support of defendant Sue Mi Terry's motion to dismiss the indictment in this criminal case. (Dkts. 45, 48).

      "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015).[1] As this Court has recognized, "[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied." *Women for Am. First v. De Blasio*, No. 20 Civ. 5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (italics omitted). None of the circumstances identified by the Court are present here.

      *First*, Terry is indisputably well-represented. Her brief in support of her motion to dismiss lists the email addresses of nine attorneys at four different law firms. (Dkt. 40 at 51). She requested and obtained, with the consent of the Government, an expansion of her brief to 50 pages. (Dkt. 35). There is simply no reason why she now needs an additional twelve attorneys, (*see* Dkts. 45 at 3, 48 at 3), to make First Amendment arguments she could (and did) make in her own brief. *See United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (denying leave for Association of Criminal Defense Lawyers to appear amicus curiae on behalf of defendant because, among other reasons, "defendant's interests are adequately represented by his counsel"), *aff'd*, 980 F.2d 161 (2d Cir. 1992).

---

[1] Unless otherwise specified, all quotations omit internal quotation marks, citations, ellipses, and prior alterations.

*Second*, the proposed amici do not have an interest in some other case that may be affected by the Court's decision on Terry's motion to dismiss. This is a criminal case against Terry alone. The proposed amici have identified no other litigation that will be impacted by the disposition of Terry's motion to dismiss.

*Third*, the proposed amici do not offer any unique information or perspective that Terry is unable to provide. The proposed amici propose to raise First Amendment[2] arguments based upon the application of the Foreign Agents Registration Act ("FARA") to "media organizations, journalists, and nonprofits," (Dkt. 45 at 2), and "journalists [who] . . . engag[e] in constitutionally-protected newsgathering activity and reporting," (Dkt. 48 at 2). But Terry has already declared herself "a writer, a think tanker, a foreign policy expert, and a breaking news analyst," (Dkt. 40 at 11), and on that basis raised constitutional challenges to FARA, (*id.* at 25–32). The proposed amici add no new perspective or information that Terry cannot.

"Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [proposed amici] ha[ve] come as an advocate for one side." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991). Both proposed amici filed their briefs before even seeing the Government's brief, and both adopt Terry's positions wholesale. (Dkt. 45-1 at 16 (proposed Columbia/ACLU brief: "the Court should adopt Dr. Terry's proposed limiting constructions of FARA"; Dkt. 48-1 at 14 (proposed Reporters Committee brief: "amicus respectfully urges the Court to grant Defendant's Motion to Dismiss"). In effect, the proposed amicus briefs make an end-run around the Court's page limits by adding another 30 pages to Terry's already-expanded 50-page brief.

Because the proposed amicus briefs are unnecessary to supplement Terry's representation and unhelpful to the Court, the motions to file the amicus briefs should be denied. If the Court grants the motions, the Government respectfully requests leave to file a supplemental brief to directly address the amicus briefs.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: ___s/_____
Kyle Wirshba / Sam Adelsberg /
Alexander Li / Chelsea L. Scism
Assistant United States Attorneys
(212) 637-2493

---

[2] As discussed in the Government's brief in opposition to Terry's motions to dismiss, the federal courts — including the Supreme Court — have rejected every First Amendment challenge to FARA throughout the 87-year history of the law. (Dkt. at 52 at 12–13). This uniform precedent renders the proposed amici's First Amendment arguments particularly unhelpful.