Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

January 20, 2026

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**    ***United States v. Sue Mi Terry*, 24 Cr. 427 (LGS)**

Dear Judge Schofield:

    Dr. Sue Mi Terry respectfully submits this response[1] to the Government's January 12, 2026 letter regarding *United States v. Linda Sun et ano.*, a Foreign Agents Registration Act ("FARA") prosecution in the Eastern District of New York. Dkt. 72.

    The Government contends that Judge Cogan rejected the same Rule 12 challenge Dr. Terry raises here. *See id.* at 1-2. That is incorrect for two reasons.

    *First*, Dr. Terry's challenge to the sufficiency of the Indictment is materially different from the one raised in *Sun*, because the challenge presented here turns on whether the grand jury actually charged the criminal act Congress made unlawful—a constitutional defect that cannot be cured once trial begins. Dr. Terry argues that Count Two, the substantive FARA charge, fails to state an offense as a matter of law because it does not allege a willful failure to register whatsoever (the core statutory element). Dkt. 2 ¶¶ 65-66. She also contends that Count One, the conspiracy count, fails because it does not plead a criminal object. The object actually alleged is "knowingly and willfully act[ing] as an agent of a foreign principal," *id.* ¶ 63, which is not itself a crime under FARA. By contrast, *Sun* did not challenge the core framing of the criminal counts in that case, but rather whether the facts alleged in that case, if credited, established willfulness. *See United States v. Sun*, No. 24 Cr. 346 (BMC), 2025 WL 1296456, at *7 (E.D.N.Y. May 5, 2025).

    *Second*, Judge Cogan had no need to reach the argument made here by Dr. Terry, because the *Sun* indictment expressly alleged that FBI agents warned the defendant that her conduct could require FARA registration, thus alleging "that she knew 'her purported conduct was unlawful under FARA.'" *Id.* Contrary to the Government's assertion, Dkt. 72 at 2, no comparable allegations appear on the face of this Indictment. The Government does not allege that the FBI, DOJ, or any other authority ever advised Dr. Terry that her activities could trigger a duty to register under FARA. Instead, it alleges only that she received general FARA training in connection with her employment—training that occurred in November 2022, well after most of the conduct described in the Indictment.

---

[1] The Court granted leave to file this response at oral argument on January 13, 2026.

The Honorable Lorna G. Schofield

General training on the existence of FARA does not constitute notice that one's own conduct creates a legal duty to register, and the Indictment alleges no facts linking that training to the charged conduct or otherwise supporting an inference that Dr. Terry knew she had a duty to register. Nor do allegations that Dr. Terry truthfully told Congress she was not an active registrant, Dkt. 2 ¶¶ 4, 15, 19, 36, 61, supply that missing element. Indeed, across the Indictment's 31 pages of narrative allegations spanning nearly a decade, the Government never identifies when Dr. Terry's willful failure to register allegedly occurred, or what specific conduct is claimed to have triggered any such obligation.[2]

Nor is it correct that Judge Cogan fully adopted the Government's preferred interpretation of FARA willfulness endorsed in *United States v. Michel*, No. 19 Cr. 148 (CKK), 2023 WL 2388501, at *7 n.6 (D.D.C. Mar. 6, 2023). To the contrary, he instructed the jury that a defendant does not act willfully if any failure to register resulted from "a good faith misunderstanding of the requirements of the law." Dkt. 72-1, Tr. 3776. That instruction adopted the standard proposed by the defense in *Sun*, advocated here by Dr. Terry, *see* Dkt. 40 at 22-23, and consistent with *Cheek v. United States*, 498 U.S. 192, 202-03 (1991). Dr. Terry invokes this point only to underscore why a "willful failure to register" is the indispensable *actus reus* of a criminal FARA offense—not to invite the Court to resolve premature jury-instruction issues.

Judge Cogan's instructions made the relevant *actus reus* explicit:

> [T]he third **element** that the Government must prove beyond a reasonable doubt to establish a violation of FARA is that [the defendant] **knowingly and willfully failed to submit a . . . registration [statement]** within ten days of becoming an agent of [a foreign principal].

Dkt. 72-1, Tr. 3776 (emphasis added); *see also id.* at 3772. That element, however, is missing from this Indictment. Count Two alleges only that Dr. Terry "knowingly and willfully act[ed] as an agent of a foreign principal," albeit "without registering." Dkt. 2 ¶ 66. That formulation does ***not*** track the language of the statute, and in turn affirmatively obviates the willfulness requirement laid out in the statute. FARA imposes criminal penalties only on one who "willfully violates" its requirements, 22 U.S.C. § 618(a)(1), and the relevant requirement is that a person who becomes an agent of a foreign principal "shall, within ten days," file a registration statement, *id.* § 612(a). The phrase "willfully act as an agent" appears nowhere in the statute, which does not criminalize acting as a foreign agent.

The Government knows how to charge a willful failure to register under FARA and has done so expressly in other cases before the 2016 enforcement surge. For example, in *United States v. Prince Asiel Ben Israel et ano.*, the substantive FARA count alleged that the defendant "**willfully failed to file a registration statement with the Attorney General, as required by law, while acting as an agent on behalf of foreign principals.**"

---

[2] This pleading defect also renders the counts duplicitous and risks a conviction based on a time-barred failure to register. *See* Dkt. 60 at 7.

Ex. A at 17 ¶ 3 (emphasis added).[3] That 2013 formulation tracked the statute precisely and left no ambiguity as to the conduct the grand jury found to be criminal. This Indictment's formulation—charging that Dr. Terry "knowingly and willfully act[ed] as an agent of a foreign principal," without alleging a willful failure to register—fundamentally alters the offense presented to the grand jury.

Those pleading errors implicate the Fifth Amendment's Grand Jury Clause. U.S. Const., amend. V. An indictment must allege *every* element of the charged offense; otherwise, the court is left to "make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment," thereby stripping away the "basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Russell v. United States*, 369 U.S. 749, 770 (1962). Here, the plain language of Counts One and Two in the Indictment demonstrates that the grand jury was asked to—and did—return charges based on the allegation that Dr. Terry willfully acted as a foreign agent, not on willfully failing to register. *See* Dkt. 2 ¶¶ 62-66. This Court may not cure that defect by inference, by incorporating indictment language that is not encompassed in the count charged,[4] by a bill of particulars, or by later jury instructions. *See Russell*, 369 at 770-71; *United States v. Pirro*, 212 F.3d 86, 92 (2000). Nor may it be cured by the Government's post-hoc representations at oral argument regarding what it intends to prove at trial.

Dr. Terry has a constitutional right not to be tried except upon a valid indictment.[5] That right is irretrievably lost once trial begins, even if the jury is later instructed on an element the grand jury never considered.

Respectfully submitted,

/s/ *Faith E. Gay*
Faith E. Gay
Temidayo Aganga-Williams
Joshua W. Bean
SELENDY GAY PLLC

Encl:   Ex. A (Indictment in *United States v. Ben Israel*, No. 13 Cr. 572 (N.D. Ill. Aug. 27, 2013))

Cc:     All counsel of record (*by ECF*)

---

[3] The substantive FARA count in *Ben Israel* also identified the enumerated activities under Section 611(c)(1) giving rise to the charge, specifically, "engaging in political activities, acting as public relations counsel, and acting as political consultants . . . ." Ex. A at 17 ¶ 2.

[4] Count One, unlike Count Two, does not even purport to incorporate the allegations from the speaking parts of the Indictment. *Compare* Dkt. 2 ¶¶ 62-64, *with id.* ¶¶ 65-66.

[5] *Pirro*, 212 F.3d at 92 (requiring exacting review of indictments challenged before trial).