UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                          :
  UNITED STATES OF AMERICA           :
                                                          :
                                                          :        24 Cr. 427 (LGS)
                  -against-          :
                                                          :        <u>ORDER</u>
  SUE MI TERRY,                  :
                  Defendant.  :
                                                          :
----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant moves to file a post-suppression hearing Memorandum of Law and accompanying exhibits under seal.  Specifically, Defendant seeks to redact the names of FBI Agent witnesses from public view, such that the witnesses are identified only by the first letter of their surname.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1]  *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Protecting the identities of potential witnesses, including law enforcement witnesses, is a higher value that may justify sealing. *United States v. Forney*, No. 24 Crim. 146, 2025 WL 2208298, at *18 n.12 (E.D.N.Y. Aug. 4, 2025); *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that protection of law enforcement interests and judicial performance justify sealing).

WHEREAS, sealing is justified here. Defendant's memorandum and exhibits are judicial documents. The information sought to be sealed -- the full names of potential law enforcement witnesses -- may be sealed from public view to shield higher values, including the protection of law enforcement interests and witness identities. *See Forney*, 2025 WL 2208298, at *18 n.12; *Amodeo*, 71 F.3d at 1050. Defendant's proposed redactions are narrowly tailored to protect against any impairment of law enforcement interests and judicial performance, which outweighs the presumption of public access afforded to these documents. It is hereby

**ORDERED** that Defendant's motion to file the Memorandum of Law and accompanying exhibits in redacted form is **GRANTED**. By **February 17, 2026**, Defendant shall file the memorandum and exhibits in redacted form on ECF for public view. It is further

**ORDERED** that, by **February 20, 2026**, Defendants shall file the motion to seal and unredacted documents under seal in paper copy and on a CD Rom in PDF-A format, in accordance with the Court's Non-Electronic Filing Procedures, available at https://nysd.uscourts.gov/programs/records/sealed.

Dated:  February 13, 2026
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE