UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                       :

  UNITED STATES OF AMERICA           :

                                        :          24 Crim. 427 (LGS)

                  -against-           :

                                        :          **OPINION & ORDER**

  SUE MI TERRY,                  :

                         Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Defendant Sue Mi Terry was indicted on July 15, 2024, on one count of conspiracy to violate the Foreign Agents Registration Act ("FARA") and one count of failure to register under FARA. Defendant moves for a bill of particulars identifying (1) "the actions and related qualifying activities that she allegedly undertook and that required registration under FARA and (2) the individuals and entities with whom she allegedly conspired." Defendant's motion is denied.

## I.      BACKGROUND

On July 15, 2024, Defendant was indicted on two counts. Count One charges Defendant with conspiring with others "knowingly and willfully [to] act as an agent of . . . the Government of the Republic of Korea [("ROK")], without registering with the Attorney General, as required by" FARA. Count Two charges Defendant with "knowingly and willfully act[ing] and caus[ing] others to act as an agent of . . . the Government of the Republic of Korea, without registering with the Attorney General, as required by" FARA.

The Indictment charges Defendant with violations of law "[f]rom at least in or about 2013 to at least in or about June 2023." The conspiracy count lists sixteen overt acts allegedly "[i]n furtherance of the conspiracy and to effect the illegal object thereof." Before the

enumerated Counts One and Two, the first twenty-seven pages of the Indictment contain a "speaking" section detailing the alleged offense conduct.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) authorizes a court to direct the Government to file a bill of particulars to "enable[] a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."[1] *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007); *accord United States v. Da Costa*, No. 23 Crim. 610, 2024 WL 3014329, at *5 (S.D.N.Y. June 13, 2024). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *accord United States v. Altorei*, No. 23 Crim. 407, 2025 WL 2381589, at *3 (S.D.N.Y. Aug. 15, 2025). "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Chen*, 378 F.3d at 163; *accord United States v. Reid*, 650 F. Supp. 3d 182, 197 (S.D.N.Y. 2023). "Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010); *United States v. Kostin*, No. 24 Crim. 91, 2025 WL 1504409, at *32 (S.D.N.Y. May 27, 2025).

---

[1]  Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

## III.   DISCUSSION

### A.  FARA

Defendant seeks a bill of particulars identifying (1) all actions she took that allegedly required her to register under FARA and (2) which qualifying activities under 22 U.S.C. § 611(c)(1)(i)-(iv) apply to the charged conduct.  Defendant's motion is denied because particulars are not required to "enable [her] to prepare for trial, to prevent surprise, [or] to interpose a plea of double jeopardy should [s]he be prosecuted a second time for the same offense." *Rigas*, 490 F.3d at 237.

### 1.  Descriptions of Conduct

Defendant seeks particulars regarding all alleged actions she took that the Government contends required registration.  This request is denied because the Indictment and discovery are sufficient to enable Defendant to prepare for trial and prevent unfair surprise.

Defendant concedes that the Government has produced "voluminous" discovery in addition to the allegations in the thirty-one-page Indictment.  The Government will also provide Defendant with "trial exhibits, a witness list, and additional Jencks Act [18 U.S.C. § 3500] material reasonably in advance of trial."  Courts in this District have denied bills of particulars under similar circumstances.  *See, e.g.*, *Altorei*, 2025 WL 2381589, at *4 (denying bill of particulars "given the detail provided in the Superseding Indictment . . . the undisputed fact that the Government has produced 'substantial' discovery and the Government's commitment to providing even further detail prior to trial"); *Reid*, 650 F. Supp. 3d at 197 (denying bill of particulars because indictment details overt acts and approximate dates of charged conspiracies and contains factual allegations concerning fraud charges, and because the Government had "provided extensive discovery").

Defendant argues that, despite the detail in the Indictment and discovery, particulars are required to resolve several purported inconsistencies in the Indictment.  In particular, Defendant argues that the Indictment alleges that her registration obligation began in 2013 but does not identify any qualifying activity Defendant undertook in 2013; that the Indictment charges Defendant with acting as a foreign agent for "more than a decade" but includes factual allegations over a period less than a decade and that the Indictment contains two gaps greater than eighteen months during which the Indictment alleges no registrable conduct.

These arguments are unavailing.  At oral argument, the Government represented that, although the Indictment does not purport to be exhaustive, it does provide a "road map" of the Government's view of "the most important evidence in this case," and that the sixteen overt acts alleged in Count One are those that the Government views as "the most important overt acts." The Government further represented that it intends to introduce evidence of Defendant's alleged agency conduct from "around the summer of 2013," which indicates that the charged dates in the Indictment correspond to the Government's intended proof.  The Government's identification of trial exhibits will further mitigate the risk of any surprise at trial about 2013 conduct or conduct during the purported gaps in the Indictment.  Under such circumstances, and given the discovery produced to Defendant, further particulars are unnecessary.

### 2. Qualifying Activities

Defendant requests that the Government identify which qualifying activities under 22 U.S.C. § 611(c)(1)(i)-(iv) correspond to the charged conduct.  This request is denied because the Indictment lists the qualifying activities in 22 U.S.C. § 611(c)(1) that appear to apply to Defendant's conduct.  Further detail is unnecessary to enable Defendant to prepare for trial or to prevent unfair surprise.

The Indictment details numerous acts that Defendant allegedly undertook as an agent of the ROK.  The Indictment further states that FARA requires registration if a person acts as an "agent of a foreign principal" and is "engaging . . . in certain types of conduct, such as political activities, political consulting, public relations, or publicity activities," which are four of the qualifying activities requiring registration included in 22 U.S.C. § 611(c)(1)(i) and (ii).  At oral argument, the Government represented that its "current intention [is] to prove the qualifying activities" listed in the Indictment.  The detail Defendant seeks -- in substance, requiring the Government to link the asserted offense conduct to one or more of these qualifying activities -- is not required to prevent unfair surprise at trial.  *See, e.g.*, *United States v. Carroll*, No. 19 Crim. 545, 2020 WL 1862446, at *7 (S.D.N.Y. Apr. 14, 2020) (denying request in fraud case that the Government provide details regarding its "accounting rationale and the facts upon which it relies to support its conclusion that any particular accounting entry was fraudulent").

*United States v. Concord Management & Consulting LLC*, 385 F. Supp. 3d 69 (D.D.C. 2019), is not binding here and is otherwise distinguishable.  In that case, the defendants were charged with conspiracy to defraud the United States, including by failing to comply with disclosure requirements in FARA and the Federal Election Campaign Act.  *Id.* at 73.  The court granted a request for a bill of particulars as to "each category of activities that the government intends to establish triggered a duty to register as a foreign agent under FARA" and "for each category of activities which disclosure provisions the defendants or their co-conspirators allegedly violated."  *Id.* at 79.  The court held that, because the Government charged defendants with fraud by failing to disclose their identities under multiple laws that may or may not apply to the conspirators, "the specific laws -- and underlying conduct -- that triggered such a duty [to disclose] are critical for [defendant] to know well in advance of trial so it can prepare its

5

defense." *Id.* at 78.  Here, the Government has identified the categories of qualifying activities it intends to prove at trial through the Indictment and its representations at oral argument.  The Government has also provided a "road map" of the Government's view of "the most important evidence [and asserted overt acts] in this case."  More detail is not required to prevent unfair surprise at trial.

### B.  Conspiracy

Defendant also seeks disclosure of the identities of her alleged co-conspirators.  This disclosure is unwarranted because the Indictment and discovery are sufficient to enable Defendant to prepare for trial or to prevent unfair surprise.

The Government represents, and Defendant does not contest, that discovery includes "the names of Terry's ROK [National Intelligence Service ("NIS")] handlers described in the Indictment."  Defendant's motion refers to "the NIS officers [and] the South Korean [Ministry of Foreign Affairs] officials" as the "possible co-conspirators" alleged in the Indictment.  Further specificity is not required to avoid prejudice at trial or "advise the defendant of the specific acts of which [s]he is accused."  *Chen*, 378 F.3d at 163; *see United States v. Parris*, No. 13 Crim. 17, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014) (holding that bill of particulars is not required because the indictment alleges overt acts that defendants allegedly committed in furtherance of the conspiracy and the approximate date and location of those acts, and because the Government had provided "extensive discovery").

*United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y. 2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93 (2d Cir. 2008), which Defendant cites, is distinguishable.  In that case, the Government alleged a conspiracy involving at least twenty people and claimed that "many of the alleged co-conspirators used several aliases and/or

6

code names to conceal their identities." *Id.* at 241. Because these circumstances made it difficult for the defendant to identify the alleged co-conspirators from the discovery, the court ordered limited disclosure of their identities. *Id.* at 241-42. Here, to the contrary, the Indictment appears to allege a smaller group of co-conspirators than in *Bin Laden*; there is no suggestion that particular factors (such as the use of code names) make it difficult for Defendant to identify the alleged co-conspirators and the Government represents, unrebutted, that the identities of at least some co-conspirators have been revealed in discovery.

## IV.   CONCLUSION

For the reasons above, Defendant's motion for a bill of particulars is **DENIED.**

Dated: April 6, 2026
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7