

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

August 4, 2026

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **United States v. Sue Mi Terry**, 24 Cr. 427 (LGS)

Dear Judge Schofield:

  The Government writes to respectfully request that the Court order defendant Sue Mi Terry to provide particularized notice by September 1, 2026, of any affirmative defense the defendant intends to invoke at trial, including any defense involving the purported application of "exemptions" to the Foreign Agents Registration Act's ("FARA") requirements set forth in the statute, and the evidence that the defendant intends to offer in support of such affirmative defense(s). The parties have agreed on a number of pretrial deadlines and have begun discussions on potential stipulations for trial, but have been unable to reach an agreement regarding the defendant's notice for any affirmative defense. For the reasons set forth below, and consistent with precedent in this district and others, the defendant should be required to provide such notice in advance of trial to ensure that the parties have sufficient time to litigate the propriety of any related arguments or evidence and mitigate any potential trial delay.

### I. The Parties' Negotiations to Date Regarding Pretrial Deadlines and Disclosures

  The parties have conferred productively on pretrial deadlines and are in discussions on possible stipulations to narrow any disputes at trial. The parties, however, have been unable to agree on the scope of defense disclosures, including the defendant's notice for any affirmative defenses the defendant intends to raise at trial under 22 U.S.C. § 613. In the defendant's motion to the Court to dismiss this case, which the Court denied, the defendant appeared to suggest that one exemption might apply in this case, arguing that the Indictment lacked "any allegation . . . that Dr. Terry honored . . . requests [from the South Korean government] in 2016 and 2018-19 to 'serv[e] predominantly' the interests of the South Korean government, 22 U.S.C. § 613(d)(2), as opposed to her own personal and professional interests." (Dkt. 40 at 19); *see also United States v. Terry*, No. 24 Cr. 427 (LGS), 2026 WL 458567, at *10 (S.D.N.Y. Feb. 18, 2026) (rejecting defendant's argument that 22 U.S.C. § 613(d)(2) is unconstitutionally vague). However, the defendant has since provided no notice to the Court or the Government of her intent to raise this or any other affirmative defense, despite the Government's request for such notice on July 13, 2026. Indeed,

the defendant has informed the Government that she does not believe she has any obligation to disclose such information in advance of trial.

## II.    Applicable Law

### A.  Affirmative Defenses Under FARA

Count One of the Indictment charges the defendant with conspiring with others to violate FARA by agreeing with others to knowingly and willfully act as an agent of a foreign principal without registering with the Attorney General in violation of 18 U.S.C. § 371 and 22 U.S.C. §§ 612 and 618. Ind. ¶¶ 62-64. Count Two of the Indictment charges the defendant with the substantive offense of failing to register under FARA in violation of 22 U.S.C. §§ 612 and 618. *Id.* ¶ 65-66.

FARA requires every "agent of a foreign principal," as defined in 22 U.S.C. § 611(c) and (d), to file a registration statement with the Attorney General unless exempted from doing so under § 613. 22 U.S.C. § 612. Under § 613, FARA exempts certain persons otherwise subject to its registration requirements, including diplomatic or consular officers, officials of a foreign government, and lawyers engaged in legal representation on behalf of a disclosed foreign principal. 22 U.S.C. § 613(a), (b), (g). Individuals are also exempt if they are "engaging or agreeing to engage only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of such foreign principal; or (2) in other activities not serving predominantly a foreign interest." 22 U.S.C. § 613(d). Individuals "engaging or agreeing to engage only in activities in furtherance of bona fide religious, scholastic, academic, or scientific pursuits or of the fine arts" are also exempt under 22 U.S.C. § 613(e).

The pertinent regulations provide that "[t]he burden of establishing the availability of an exemption from registration under the Act shall rest upon the person for whose benefit the exemption is claimed." 28 C.F.R. § 5.300; *see Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 255 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982); *see generally Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91-92 (2008) (applying the "familiar principle that when a proviso carves an exception out of the body of a statute or contract those who set up such exception must prove it," and explaining "[t]hat longstanding convention is part of the backdrop against which the Congress writes laws, and we respect it unless we have compelling reasons to think that Congress meant to put the burden of persuasion on the other side" (internal quotation marks and citation omitted; alterations and ellipsis incorporated)); *Schaffer v. Weast*, 546 U.S. 49, 57-58 (2005) ("Absent some reason to believe that Congress intended otherwise . . . we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief."); *cf. United States v. Rafiekian*, 991 F.3d 529, 544 (4th Cir. 2021) (holding the "legal commercial transaction" exception under a non-FARA foreign agent statute, 18 U.S.C. § 951, provides for "an affirmative defense—which must be raised first, if at all, by a defendant"); *United States v. Duran*, No. 07 Cr. 20999, 2008 WL 11333989, at *2 (S.D. Fla. Oct. 10, 2008) (same).

### B. Notice of Affirmative Defenses

As is relevant here, courts in this Circuit—including in the Southern District of New York—have repeatedly ordered defendants to provide particularized pretrial notice of affirmative defenses in the context of FARA exemptions under 22 U.S.C. § 613. Indeed, in the three most recent FARA trials in this Circuit, courts have ordered defendants to provided particularized notice of affirmative defenses in the context of FARA exemptions.  *See United States v. Menendez,* No. 23 Cr. 490 (SHS) (S.D.N.Y. Apr. 3, 2024) (Dkt. 276)*; United States v. Nadine Menendez*, No. 23 Cr. 490 (SHS) (S.D.N.Y. Dec. 20, 2024) (Dkt. 665); *United States v. Sun*, No. 24 Cr. 346 (BMC) (E.D.N.Y. Oct. 14, 2025) (Order Dated Oct. 14, 2025). Courts also frequently order that defendants provide pretrial notice of and reciprocal discovery for affirmative defenses, including for the defenses listed in Rules of Federal Criminal Procedure 12.1 through 12.3 and other defenses. *See, e.g.*, *United States v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990); *United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2020); *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018); *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL183522, at *13 (E.D.N.Y. Jan. 8, 2010); *see also United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Nov. 15, 2021) (Dkt. 105); *United States v. Percoco*, No. 16 Cr. 776 (VEC) (S.D.N.Y. Nov. 2, 2017) (Dkt. 351).

These rulings make sense because a Court must determine whether a defendant's proffered defense is proper as a matter of law and a Court must decide preliminary questions concerning the admissibility of evidence, including whether evidence is relevant, in support of that defense. Fed. R. Evid. 104(a). The Court's authority to resolve such questions is rooted in its "inherent authority to manage the course of trials." *United States v. Valencia*, 826 F.2d 169, 171 (2d Cir. 1987) (internal quotation marks and citation omitted).

A preliminary evidentiary hearing may also be ordered by the Court to determine the propriety or scope of a proffered defense. *See, e.g.*, *United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law."). "If, after the hearing, the court finds that the defendant's evidence is insufficient as a matter of law to establish the defense, the court is under no duty to give the requested jury charge or to allow the defendant to present the evidence to the jury." *Id.* There is good reason for this judicial authority: "no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990).  Finally, the proponent of evidence bears the burden of demonstrating its admissibility by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("[D]efendants as proponents of the evidence bear the burden of [admissibility]").

### III.    <u>Discussion</u>

For the following reasons, the Court should order the defendant to provide particularized notice on or before September 1, 2026, of any affirmative defense the defendant intends to invoke at trial, including any of the 22 U.S.C. § 613 exemptions under FARA, and the evidence the defendant intends to offer supporting such affirmative defense(s).

**First, as a threshold matter, the Government does not believe that the defendant can properly assert an affirmative defense under the 22 U.S.C. § 613 exemptions.** None of the exemptions to FARA's registration requirements are applicable to the defendant given the nature of her activities and the narrow application of these exemptions. The specific wording of § 613(d) and (e), for example, significantly limits the applicability of FARA exemptions under these subsections to "situations where the agent is engaged 'only' in those particular activities . . . it does appear reasonable to interpret the word to mean that if the agent engaged in other nonexempt activities the exemption would not apply." *See Att'y Gen. of U.S. v. Covington & Burling*, 411 F. Supp. 371, 374 (D.D.C. 1976). Therefore, "if [Terry] engaged in other nonexempt activities the exemption would not apply," and she would still have had to register under FARA. *See id.* at 374. Accordingly, if the defendant were ordered to provide pretrial notice of such a defense, the Court would have sufficient time to determine whether any defense fails as a matter of law and should not be presented at trial. *See, e.g.*, *United States v. Chaoqun*, 107 F.4th 715, 732 (7th Cir. 2024) (affirming the lower court's order precluding defendant from raising the legal commercial transaction defense in the context of the non-FARA foreign agent statute—18 U.S.C. § 951— which shares FARA's notification and registration requirements); *United States v. Lizalde*, 38 F. App'x 657, 660 (2d Cir. 2002) ("If the court finds that the defendant's evidence is insufficient as a matter of law to establish an element of the duress defense, the court may preclude the defendant from presenting evidence of that defense to the jury.").

**Second, even if the Court determines that the defendant can assert such an affirmative defense, the defendant might make arguments or present evidence that would be improper or inadmissible.** The defendant's pretrial disclosure would ensure that the parties have sufficient time to litigate those issues in advance of trial and reduce any disruptions during trial. As just one example, and as with any other matter involving knowledge or intent, the defendant cannot properly make out a defense by, for example, offering evidence that, in hindsight, the charged actions turned out to be in the interest of the United States or otherwise good policy. *See, e.g.*, *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (a defendant may be "guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2016 WL 1532253, at *6 (S.D.N.Y. Apr. 14, 2016) (not a defense to bribery that charged actions allegedly "were consistent with 'the best interest of [defendant's] constituency and the citizens of New York State'"), *vacated on other grounds*, 707 F. App'x 733 (2d Cir. 2017).

Nor can the defendant properly make that same defense by pointing to purportedly similar actions of others without a connection to the defendant's contemporaneous knowledge and intent. *Cf. United States v. Berg*, 710 F. Supp. 438, 445 (E.D.N.Y. 1989) (testimony concerning the "custom of other arms dealers in complying with arms export laws" precluded on the ground that such evidence was "irrelevant to the state of mind of" defendants), *aff'd in part*, *rev'd in part on*

*other grounds sub nom. United States v. Schwartz*, 924 F.2d 410 (2d Cir. 1991); *see also, e.g.*, *United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007) (holding district court erred in admitting evidence of one person's knowledge to show defendant's knowledge without evidence that defendant was aware of the same information, expressing doubt that evidence was relevant, and explaining that, in any event, it should have been precluded under Rule 403 because it "required [the jury] to draw a series of inferences, unsupported by other evidence," yet was offered on "the ultimate issue in the case"); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (affirming preclusion of evidence in embezzlement case as to how persons other than defendant used funds because "only [the defendant's] actions and state of mind were material to her guilt").

Given the potential for such evidentiary issues, the defendant should be required to provide pretrial notice to ensure that the Government has sufficient time to object and the Court has sufficient time to determine the admissibility of such evidence. Fed. R. Evid. 104(a), 402; *see also United States v. Szur*, 289 F.3d 200, 217 (2d Cir. 2002) (holding a defense's right to present a defense "must be balanced against a court's leave to set reasonable limits on the admission of evidence" and finding "even where the exclusion of evidence affects the defense case, [the Court] afford[s] judges broad latitude in excluding evidence that poses an undue risk of harassment, prejudice or confusion of the issues") (internal quotations omitted). Without pretrial notice and, if warranted, a hearing to resolve evidentiary concerns ahead of trial, it would be far more difficult for the Court to police this critical evidentiary line, or to prevent the jury from hearing arguments, including in opening statements, that are confusing or improper. Furthermore, litigation immediately prior to or during trial on such evidentiary issues is likely to disrupt or delay the trial itself.

**Third,** **whether the defendant raises affirmative defenses may dramatically alter the focus and scope of the trial and the Government must be given an opportunity to prepare to rebut such a defense.** The Government is currently prepared to present a case that the defendant conspired to violate FARA and violated FARA by failing to register as a foreign agent. The substantive requirements for a criminal violation of FARA are distinct from the elements of an affirmative defense to such an allegation. *See* 22 U.S.C. §§ 611-613. The Government must prove the substantive FARA offense by, in part, demonstrating that the defendant "act[ed] . . . at the order, request, or under the direction or control, of a foreign principal" by "engag[ing] within the United States in political activities for or in the interests of such foreign principal." 22 U.S.C. §§ 611(c)(1), (c)(1)(i). The Government's burden does not require it to prove that the defendant's actions were *not* in furtherance of the bona fide trade or commerce of a foreign principal, *not* serving predominately a foreign interest, or *not* pursuant to a religious, scholastic, or scientific pursuit. 22 U.S.C. §§ 613 (d)(1), (d)(2), (e). However, if the defendant will be affirmatively asserting any of these defenses, the focus and scope of the Government's case—and thus, the evidence introduced and the witnesses called—will shift considerably. Indeed, a trial involving affirmative defenses will require different evidence, arguments, and applicable law for the Government's case-in-chief regarding the defendant's FARA violations.

The need for pre-trial disclosure of affirmative defenses is further demonstrated by the fact that the burden of proof for FARA violations and affirmative defenses fall on different parties. The Government's burden lies in proving the defendant is required to register under FARA but failed to do so; the burden to prove the applicability of an exemption from FARA lies squarely with the

defendant. *See* 28 C.F.R. § 5.300 ("The burden of establishing the availability of an exemption from registration under the Act shall rest upon the person for whose benefit the exemption is claimed."); *United States v. Sun*, No. 24 Cr. 346 (BMC) (E.D.N.Y. Dec. 11 2025) (Dkt. 336 at 3778) ("The burden is on [the defendant] to prove that [they] qualified for this [FARA] exemption."); *Cf. Rafiekian*, 991 F.3d at 544 (reversing lower court's ruling that an exemption for a corollary foreign agent statute—18 U.S.C. § 951—was an offense element). Without advance notice of affirmative defenses, the Government would be required to disprove the applicability of each of the relevant 22 U.S.C. § 613 exemptions, thus essentially flipping the statutory burden and turning the exemptions into elements of the statute. This would also be a significant departure from the language of the pertinent regulations, how other courts, including in *Menendez* and *Sun*, have interpreted FARA, and how similar statutes have been interpreted. Allowing the defense to wait until immediately before or during trial to disclose affirmative defenses undermines judicial efficiency and the statutory division of evidentiary burdens. Pretrial notice would allow both parties adequate time to prepare for any changes in the scope of the trial and minimize the risk of delays during the trial itself.

**Finally**, **recent case law provides precedent for the Court granting Government requests for particularized notice of affirmative defenses in the context of FARA prosecutions.** Courts routinely order defendants to provide pretrial notice of affirmative defenses, including recent defendants charged with the same FARA offenses as the defendant. In the most recent FARA prosecutions that proceeded to trial in this Circuit, *United States v. Sun* and *United States v. Menendez*,[1] both courts granted the Government's request and ordered the defense to provide notice. *Sun*, No. 24 Cr. 346 (BMC) (E.D.N.Y. Oct. 14, 2025) (ordering the disclosure of any affirmative defenses the defense intends to raise under § 613(d)(2)); *Menendez*, No. 23 Cr. 490 (SHS) (S.D.N.Y. Apr. 3, 2024) (Dkt. 276) ("Senator Menendez is . . . directed to provide particularized notice to the government . . . as to whether, and if so, on what bases, he intends to

---

[1] In *Menendez*, Judge Stein's order requiring the defendant to disclose potential affirmative defenses also directed to the Government to provide the defendant with the facts underlying the allegations. No. 23 Cr. 490 (SHS) (S.D.N.Y. Apr. 3, 2024) (Dkt. 276) ("Should the government desire to obtain notice from Senator Menendez of his reliance on an affirmative defense under 22 U.S.C. § 613, the government shall disclose to Senator Menendez the particular conduct the government contends that Senator Menendez undertook as an agent of Egypt and Egyptian officials, i.e., the conduct underlying the indictment's 18 U.S.C. § 219 allegations."). There, the Government satisfied the Court's order by pointing the defense to provisions of the indictment in that case. Crucially, the Government charged Menendez in an eighteen-count indictment with various bribery, fraud, obstruction, and FARA offenses. In contrast, the thirty-one-page Indictment here focuses exclusively on allegations that the defendant violated FARA. The detailed facts in the Indictment thus provide the relevant information as to what conduct constitutes the defendant's violation of FARA. Indeed, this Court, in denying the defendant's prior motion to dismiss, held the Indictment "provides narrative detail of the alleged offense conduct" and "details this conduct, which is also summarized in list form, including the time and place of the alleged acts." *Terry*, 2026 WL 458567, at *3. Because the defendant's conduct violating FARA is already stated clearly and with specificity in the Indictment, the defense does not need any additional information before disclosing whether it will pursue an affirmative defense.

invoke at trial any affirmative defense, including the affirmative defenses set forth in FARA for activities not serving predominately a foreign interest. If Senator Menendez does intend to invoke an affirmative defense, he shall also disclose by [that same date] the evidence supporting that affirmative defense.") (internal quotations omitted); *United States v. Nadine Menendez*, No. 23 Cr. 490 (SHS) (S.D.N.Y. Dec. 20, 2024) (Dkt. 665). There is no reason why this defendant should be treated differently than other similarly situated defendants charged with the same offenses.

### IV.    **Conclusion**

For the reasons set forth above, including the likelihood that such a defense might impact the trial's scope, result in juror confusion, and risk the introduction of improper evidence, the Court should order the defendant to provide particularized notice on or before September 1, 2026, as to (1) whether, and (2) if so, on what bases, the defendant intends to invoke any affirmative defense at trial, including under 22 U.S.C. § 613 (d) and (e). Further, the Court should order disclosure by September 1, 2026, as to the evidence the defendant seeks to introduce purportedly supporting such affirmative defense(s).

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By:    ___/s/_____
Kyle A. Wirshba / Sam Adelsberg /
Kaylan E. Lasky / Chelsea L. Scism
Assistant United States Attorneys
(212) 637-2493

cc:    (by ECF)

Counsel of Record