UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

UNITED STATES OF AMERICA :

-against- :

SUE MI TERRY,
Defendant. :

-----------------------------------------------------------X

24 Cr. 427 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Government moves to compel Defendant to "provide particularized notice by September 1, 2026, of any affirmative defense the defendant intends to invoke at trial, including any defense" relating to the applicability of any exemption listed in 22 U.S.C. § 613 to Defendant's conduct.

WHEREAS, the parties dispute whether the applicability of an exemption listed in § 613 is an affirmative defense for which Defendant bears the burden of proof. This dispute need not be addressed to resolve the Government's motion. A court may, pursuant to its inherent authority to manage a trial, require disclosure of a defendant's intent to offer a defense even if it is not an affirmative defense. *See United States v. Ray*, No. 20 Crim. 110, 2021 WL 5493839, at *5 (S.D.N.Y. Nov. 22, 2021). For instance, courts routinely require criminal defendants to disclose their intent to raise an advice-of-counsel defense in fraud cases. *See, e.g.*, *United States v. Bankman-Fried*, 179 F.4th 104, 118 (2d Cir. 2026) (noting that district court "ordered the defense to provide pretrial advice of counsel disclosure"); *United States v. Fishbein*, No. 21 Crim. 296, 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023), *aff'd*, No. 24-2441, 2026 WL 200773 (2d Cir. Jan. 27, 2026). However, advice of counsel is not an affirmative defense to a charge of fraud -- instead, an advice-of-counsel defense goes to intent, which the Government is

required to prove beyond a reasonable doubt. *See United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017).

WHEREAS, regardless of whether the applicability of a § 613 exemption is an affirmative defense, the Court has inherent trial management authority to order pretrial disclosure of Defendant's intent to argue that a § 613 exemption applies to her conduct. The Government having moved to compel disclosure, the Court must determine whether "there are sufficient facts in the record" to ensure that evidence or argument offered in support of an exemption would not risk jury confusion, and whether an instruction on the applicability of any exemption is justified. *Id.* (advice-of-counsel defense).

WHEREAS, the Government argues that any disclosure should be made by September 1, 2026, two weeks in advance of the motion in limine deadline and eight weeks before trial. The Government does not provide any compelling justification for disclosure at that early stage. The Government cites two recent cases in this Circuit in which the applicability of a § 613 exemption was at issue: *United States v. Sun*, No. 24 Crim. 346 (E.D.N.Y.) and *United States v. Menendez*, No. 23 Crim. 490 (S.D.N.Y.) In *Sun*, the court required the defendant to provide notice of intent to raise a defense under § 613(d)(2) one month after motions in limine had been filed and shortly before trial was set to begin. *See* Minute Order, *Sun*, No. 24 Crim. 346 (E.D.N.Y. Oct. 14, 2025). Similarly, in *Menendez*, the court required disclosure shortly after motions in limine had been filed and less than one month before the trial was set to begin. *See* Order, Dkt. No. 276, *Menendez*, No. 23 Crim. 490 (S.D.N.Y. Apr. 3, 2024); *see also* Order, Dkt. No. 665, *Menendez*, No. 23 Crim. 490 (S.D.N.Y. Dec. 20, 2024).

WHEREAS, Defendant argues that she does "does not know enough about the particular conduct that the government" claims created a duty to register, and the

Government's theories of which of the categories listed in § 611(c) apply to such conduct, to have a basis to state which exemptions Defendant intends to argue. This argument is unpersuasive. The applicability of the § 613 exemptions does not depend on which statutory category applies to an alleged agent's conduct (apart from§ 613(b) and (c), which exempt certain foreign government officials and staff members of diplomatic or consular offices and do not appear to be relevant here). Additionally, the Government has previously represented that it intends to prove the § 611(c) categories listed in the Indictment -- specifically, "political activities, political consulting, public relations, or publicity activities" -- and has represented that the Indictment, including the overt acts listed in the conspiracy count, is a "road map" of the Government's view of "the most important evidence in the case." To the extent the Government's proof deviates from those representations, Defendant may request further relief as may be warranted at that time. It is hereby

**ORDERED** that, to the extent Defendant intends to offer evidence or argument that a § 613 exemption applies to the conduct alleged in the Indictment, Defendant shall make a motion to permit such evidence and argument by **October 5, 2026**. Any response by the Government shall be filed by **October 13, 2026**. The Government need not file a motion in limine to preclude evidence or argument to be addressed in Defendant's motion.

Dated: August 13, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE