UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -against- | : | 24 Cr. 427 (LGS) |
| SUE MI TERRY, Defendant. | : | **OPINION & ORDER** |

LORNA G. SCHOFIELD, District Judge:

Defendant Sue Mi Terry was indicted on July 15, 2024, on one count of conspiracy to violate the Foreign Agents Registration Act ("FARA") and one count of failure to register under FARA. The Government filed ex parte motions for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure on April 25, 2025, and June 22, 2026. For the reasons below, the Government's motions are granted.

## I. BACKGROUND

Defendant was charged by an Indictment filed on July 15, 2024. Count One charges Defendant with conspiring with others to "knowingly and willfully act as an agent of . . . the Government of the Republic of Korea, without registering with the Attorney General, as required by" FARA. Count Two charges Defendant with "knowingly and willfully act[ing] and caus[ing] others to act as an agent of . . . the Government of the Republic of Korea, without registering with the Attorney General, as required by" FARA.

An ex parte CIPA § 2 hearing with the Government was held on December 10, 2024, before the Government filed its initial CIPA motion. On April 25, 2025, the Government filed an ex parte motion for a protective order to withhold specified information from the

Government's discovery obligations pursuant to CIPA § 4. On May 20, 2025, Defendant requested an ex parte CIPA § 2 hearing, which was held on July 15, 2025. Defendant filed a supplemental CIPA submission on July 8, 2025.

Ex parte Orders signed on March 31 and June 15, 2026, were issued to the Government, each directing the Government to provide specified documents and information about the proposed withholdings. Pursuant to these Orders, the Government filed additional CIPA submissions on May 19 and June 22, 2026. A second ex parte CIPA § 2 hearing with the Government was held on June 8, 2026. The Government also filed a separate CIPA motion on June 22, 2026, seeking to withhold information in addition to that described in the Government's original April 25, 2025, motion. An additional ex parte Order signed on August 18, 2026, was issued to the Government.

## II. LEGAL STANDARD

CIPA establishes procedures for handling classified information in criminal cases. "The statute was meant to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).[1] Section 4 of CIPA provides that, "upon sufficient showing," a court "may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. 3 § 4. "This provision clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause." *Aref*, 533 F.3d at 78.

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

To decide a CIPA § 4 motion, a court must engage in a multipart inquiry. First, the court must "decide whether the classified information the Government possesses is discoverable" under Rule 16.[2] *Aref*, 533 F.3d at 80; *United States v. Kwok*, No. 23 Crim. 118, 2024 WL 1704998, at *1 (S.D.N.Y. Apr. 18, 2024). Rule 16 requires the Government to provide the defense with material if, among other things, "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

Second, if the materials are discoverable, the court must then "decide if the state-secrets privilege applies." *Aref*, 533 F.3d at 80; *accord United States v. Alimehmeti*, No. 25 Crim. 120, 2026 WL 981504, at *1 (S.D.N.Y. Apr. 10, 2026). The state-secrets privilege apples if "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Aref*, 533 F.3d at 80; *Alimehmeti*, 2026 WL 981504, at *1.

Third, if the state-secrets privilege applies, "the court must next decide whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." *Aref*, 533 F.3d at 80; *United States v. Salman*, No. 24 Crim. 206, 2025 WL 3198952, at *2 (E.D.N.Y. Nov. 17, 2025). "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland,* 373 U.S. 83 (1963), to disclose exculpatory information." *Aref*, 533 F.3d at 80; *Salman*, 2025 WL 3198952, at *2. "Information that has only theoretical relevance or that is

---

[2] Unless otherwise indicated, all references to "Rules" are to the Federal Rules of Criminal Procedure.

irrelevant, cumulative, or corroborative need not be disclosed." *United States v. Shestakov*, No. 23 Crim. 16, 2024 WL 5239040, at *2 (S.D.N.Y. Dec. 27, 2024); *see United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010) (concluding no abuse of discretion in district court decision that Government was not obligated to disclose cumulative information).

Fourth, to the extent privileged information is relevant or helpful to the defense, courts in this circuit generally "balance the public interest in protecting the flow of information against the individual's right to prepare his defense." *E.g.*, *Kwok*, 2024 WL 1704998, at *2; *Shestakov*, 2024 WL 5239040, at *2; *United States v. Asainov*, 618 F. Supp. 3d 105, 112 (E.D.N.Y. 2022). *But see Salman*, 2025 WL 3198952, at *2 (stating that "[i]f the classified material at issue contains material that is helpful or material to the defense, the government's state secrets privilege must give way to a defendant's right to present a meaningful defense," but concluding that none of the information was discoverable or helpful or material to the defense).

## III. DISCUSSION

The Government's CIPA § 4 motions seek a protective order authorizing the Government to withhold certain classified material from discovery. After careful in camera, ex parte review of the materials, the Government's motions are granted.

First and second, although at least some of the classified information at issue is arguably discoverable, the Government has invoked the state-secrets privilege. The Government has established specific facts that demonstrate that the information sought to be withheld is classified and has asserted the privilege through the head of the department after actual personal consideration.

Third, the large majority of the information reviewed is not arguably "helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense."

*Aref*, 533 F.3d at 80. This determination is based on careful consideration of the Government's ex parte § 4 briefing, review of specific documents that were withheld and two ex parte hearings with the Government. Defense counsel also submitted ex parte briefing and attended an ex parte hearing to describe Defendant's theories, which also informed this determination.

The ex parte Orders signed March 31 and June 15, 2026, initially identified a small subset of the materials as potentially helpful or material to the defense and directed the Government to provide these documents and additional information regarding the documents for in camera review. Upon review of the documents in full and the additional information provided by the Government, these documents are not helpful or material to Defendant. Because the information sought to be withheld is not helpful or material to the defense, the question of whether disclosure is warranted in light of the Government's security interests need not be addressed.

The determination that the materials at issue do not require disclosure is based on the current parties' theories and facts of this case as they have been presented thus far. The issue of disclosure may be reconsidered as appropriate as the case progresses through trial. *See Shestakov*, 2024 WL 5239040, at *3 ("As the Court's understanding of the case develops, the Court will assess anew whether any of the information at issue must be produced.").

## IV. CONCLUSION

The Government's CIPA § 4 motions for a protective order are **GRANTED**. The Government is authorized to withhold from discovery the classified materials identified in its CIPA § 4 submissions. The Government's CIPA submissions, the Court's ex parte Orders signed March 31, 2026, June 15, 2026, and August 18, 2026, and the transcripts of the hearings conducted December 10, 2024, and June 8, 2026, are hereby sealed and shall remain preserved in

the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

Dated: August 25, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE