UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>SUE MI TERRY,<br>Defendant. | : | 24 Crim. 427 (LGS)<br><br>**ORDER** |

LORNA G. SCHOFIELD, District Judge:

The Government filed eighteen motions in limine. The motions are resolved as follows:[1]

**I. GOVERNMENT'S MOTIONS IN LIMINE**

**Government's Motion in Limine No. 1**. The Government's motion to:

(1) preclude evidence or argument concerning the subjective intent or motivations of Federal Bureau of Investigation ("FBI") agents who participated in the June 5, 2023, interview of Defendant (the "Interview") is **DENIED** under Rules 401 and 403 as to evidence of the circumstances of the Interview that Defendant experienced or observed and otherwise is **GRANTED** as unopposed. The motion is denied to the extent the Government moves to preclude evidence of what was conveyed to Defendant by FBI agents during the Interview, including a sense of urgency. The circumstances surrounding the taking of Defendant's statements bear on their credibility and reliability. *See Crane v. Kentucky*, 476 U.S. 683, 688 (1986) ("[E]vidence about the manner in which a confession was secured will often be germane to its probative weight, a matter that is exclusively for the jury to assess.");[2] *United States v. Moore*, 793 F. App'x 1, 3 (2d Cir. 2019) (summary

[1] All references to "Rules" refer to the Federal Rules of Evidence.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

order). Defendant represents that she does not plan to introduce evidence of pre-Interview communications among the FBI agents.

(2) preclude evidence or argument (a) concerning law enforcement presence not observable to Defendant during the Interview and (b) that officers were armed is **GRANTED** under Rules 401 and 403, except that Defendant may seek to introduce evidence that she was aware of additional officers and that weapons were visible. Defendant's awareness of these circumstances bears on the credibility and reliability of her statements. The probative value is not substantially outweighed by risk of unfair prejudice from the jury questioning the legal propriety of the Interview. At either party's request -- to be made outside the presence of the jury -- the jury will be instructed in substance that the Court has determined that the Interview complied with the law and that the jury may consider Defendant's statements given during the Interview, but the jury must decide how much weight, if any, to give each statement considering all of the circumstances. The parties shall submit a proposed instruction no later than one full trial day before the instruction is to be given.

(3) preclude evidence or argument concerning the "Ask Tell Make" document prepared for the Interview is **DENIED** under Rules 401 and 403. This evidence is probative of the method of questioning by the agents and the credibility and reliability of Defendant's statements during the Interview. Defendant's lack of awareness of the document is irrelevant because it allegedly shaped the Interview. The probative value is not substantially outweighed by unfair prejudice from the risk of negative views of law enforcement generally or the agent who prepared the document, which is mitigated by the Court's instruction, referenced in paragraph (2) above, that the Interview was lawful.

(4) preclude evidence or argument concerning the nature of the Government's investigation of Defendant is **GRANTED** under Rules 401 and 403, except that Defendant may offer evidence of what the agents communicated to her about the nature and purpose of the investigation but may not elicit that the communication was untruthful. What the agents communicated to Defendant during the Interview, including their efforts to create a sense of urgency, is probative of the reliability and credibility of her statements, but facts of which she was unaware are not. That the agents may have lied to Defendant during the Interview is not relevant to the reliability of her statements and may unfairly prejudice the jury against the Government. *See generally United States v. Mendonca*, 88 F.4th 144, 167 (2d Cir. 2023) (explaining that "police conduct that is false, misleading, or intended to trick and cajole the defendant into confessing does not necessarily render" the resulting disclosure of information involuntary).

(5) preclude evidence or argument concerning Defendant's inquiries regarding legal representation during the Interview is **DENIED** under Rules 401 and 403. The inquiries are probative of Defendant's state of mind during the Interview and in turn bear on the credibility and reliability of her statements. The probative value of the evidence is not substantially outweighed by the risk of unfair prejudice from the jury questioning the lawfulness of the Interview or the Government's investigation, particularly because of the lawfulness instruction referenced in paragraph (2) above.

(6) admit, should Defendant "open the door" by arguing that her statements were unreliable, evidence or argument concerning the warning given during the Interview regarding 18 U.S.C. § 1001 (the "Warning") is **DENIED** under Rules 401 and 403. Any probative value of the Warning to demonstrate Defendant's state of mind during the Interview is

substantially outweighed by the risk of unfair prejudice from the jury declaring guilt based on an uncharged false statements offense.

**<u>Government's Motion in Limine No. 2</u>**. The Government's motion to preclude evidence or argument concerning punishment is **GRANTED** as unopposed, and concerning consequences Defendant has faced from being charged or may face if convicted is **DENIED** without prejudice. The admissibility of consequences Defendant has already faced from being charged may depend on events that unfold at trial. *See In re United States*, 945 F.3d 616, 630-31 (2d Cir. 2019) (affirming deferral on admissibility of evidence of consequences because admissibility may depend on events that unfold at trial). Should Defendant seek to introduce such evidence or argument, she shall make a motion to do so at least one full trial day in advance.

**<u>Government's Motion in Limine No. 3</u>**. The Government's motion to preclude evidence or argument that the Government of the Republic of Korea ("ROK") is an ally of the United States and evidence or argument that Defendant's conduct furthered U.S. foreign policy is **DENIED** under Rule 403. This evidence has significant probative value regarding Defendant's willfulness in failing to register. The probative value is not substantially outweighed by the risk of jury confusion about the relevance of such evidence when such confusion can be mitigated with an appropriate jury instruction, nor is the significant probative value outweighed by the time that may be spent presenting and countering the evidence. The parties may submit a proposed joint instruction about the purpose for which the evidence may be considered no later than one full trial day before the instruction is to be given.

**<u>Government's Motion in Limine No. 4</u>**. The Government's motion to preclude evidence or argument that the charges are selective or novel, threaten First Amendment activity

or were otherwise brought for improper reasons is **GRANTED**, except that Defendant may offer evidence tied to her own contemporaneous understanding of her duty to register, including the Foreign Agents Registration Act ("FARA") training she received at the Wilson Center. Such evidence is probative of whether Defendant acted willfully. Under Rules 401 and 403, this probative value outweighs the risk of juror confusion and jury nullification, particularly if the evidence is accompanied by an instruction explaining in substance that the Court instructs the jury on the law and that the evidence may be considered only on the issue of willfulness. The parties may submit a proposed joint instruction about the purpose for which the evidence may be considered no later than one full trial day before the instruction is to be given. Regarding evidence that is precluded, Defendant represents that she does not intend to raise a selective prosecution defense, argue that the charges threaten First Amendment activity or otherwise impugn the Government's motive in bringing the charges. Evidence that the Government's prosecution of Defendant is "novel" is precluded as irrelevant if not tied to facts within Defendant's knowledge. For that reason, such argument or evidence is irrelevant to Defendant's as-applied void-for-vagueness challenge, and Defendant's reliance on *Chatin v. Coombe*, 186 F.3d 82, 86-90 (2d Cir. 1999), is thus unpersuasive. *See id.* at 84-89 (analyzing rules that were given to inmates like the defendant and a directive and memorandum that were posted throughout the prison for purposes of vagueness challenge).

**Government's Motion in Limine No. 5**. The Government's motion to preclude evidence or argument that others have engaged in conduct similar to Defendant's absent a sufficient connection to Defendant's relevant contemporaneous knowledge and intent is **GRANTED**. The parties agree that such evidence is relevant to Defendant's intent only if she was aware of the other conduct at the time she acted.

**<u>Government's Motion in Limine No. 6</u>**. The Government's motion to preclude evidence or argument concerning the Department of Justice's FARA enforcement priorities is **GRANTED** because the Government's discretionary charging decisions or policies -- i.e., the decisions about whether and whom to charge for violating FARA -- are irrelevant to whether Defendant or any other person actually violated, intended to violate or conspired to violate FARA.

**<u>Government's Motion in Limine No. 7</u>**. The Government's motion to prohibit Defendant from cross-examining the Government's expert James Olson about an excerpt from his book is **RESERVED** because the motion will be addressed in the decision on Defendant's motion to exclude Olson from testifying at trial.

**<u>Government's Motion in Limine No. 8</u>**. The Government's motion to:

(1) admit Defendant's own statements is **DENIED** without prejudice. The Government shall, by October 13, 2026, file a letter containing Defendant's statements that the Government intends to introduce at trial, noting the relevance of each. Defendant shall file any opposition by October 16, 2026.

(2) admit two exhibits for a non-hearsay purpose is (1) **DENIED** without prejudice to renewal at trial as to the May 31, 2021, email attached as Exhibit D to Defendant's opposition after a showing that Defendant received or saw the email and (2) **GRANTED** as unopposed as to photographs from Defendant's phone of FARA training slides from a training that Defendant attended in November 2022.

(3) find that alleged co-conspirator statements are admissible at trial under Rule 801(d)(2)(E) is **RESERVED**. Should the Government seek to admit co-conspirator statements, the

Government shall lay the necessary foundation described in the ruling on Defendant's third motion in limine.

**Government's Motion in Limine No. 9**. The Government's motion to preclude Defendant from introducing her own statements is **RESERVED**. The Court will rule at trial on the admission by Defendant of her own statements. Should Defendant seek to admit her own statements, she shall make a motion at least one full trial day in advance.

**Government's Motion in Limine No. 10**. The Government's motion to preclude evidence or argument concerning Korean cultural norms around gift giving is **DENIED** under Rules 401 and 403. Evidence of Defendant and the National Intelligence Service ("NIS") officials' shared cultural context is probative of Defendant's state of mind in accepting the gifts from the NIS officials, and the probative value is not substantially outweighed by the risk of confusing the jury or wasting time because the evidence is highly relevant and tied directly to the Government's anticipated evidence of gifts.

**Government's Motion in Limine No. 11**. The Government's motion to admit Defendant's statements during the Interview concerning the circumstances of her departure from the Central Intelligence Agency ("CIA") is **DENIED** under Rules 401 and 403. Defendant's departure from the CIA has nothing to do with FARA or a failure to register. Any minimal probative value for showing Defendant's state of mind or the formation of the conspiracy is substantially outweighed by the risk of unfair prejudice and confusing the jury, which may assume that Defendant's current charged conduct is unlawful because she previously engaged in conduct leading to her resignation from the CIA. The Government's contention that the statements demonstrate Defendant's intent and absence of mistake rests on an attenuated chain of inferences that lacks sufficient probative value to survive Rule 403 balancing.

**<u>Government's Motion in Limine No. 12</u>**. The Government's motion to preclude evidence or argument concerning Defendant's prior good acts or purported commendable service with the U.S. government is **DENIED** based on Defendant's representation that this evidence is not offered to prove she is a "good person" but rather to demonstrate her policy views, expertise and public service and to provide context for the Government's intended portrayal of Defendant's career, all as relevant to the issue of whether she acted at the direction of a foreign principal. Defendant shall not offer such evidence to prove her "independence" in order to show that she acted independently rather than as an agent on the occasions of the charged conduct. *See* Rule 404(b)(1).

**<u>Government's Motion in Limine No. 13</u>**. The Government's motion to preclude evidence or argument regarding a lack of a Letter of Inquiry ("LOI") from the FARA Unit within the Department of Justice is **GRANTED** under Rules 401 and 403, <u>except</u> that evidence or argument may be admissible if Defendant lays a foundation connecting her non-receipt of an LOI with her subjective understanding of her obligations. Without such connection, whether Defendant received a FARA LOI has little or no probative value, which is substantially outweighed by the risk of confusing the jury and wasting time.

**<u>Government's Motion in Limine No. 14</u>**. The Government's motion to preclude reference to the fact that certain material was derived from searches pursuant to the Foreign Intelligence Surveillance Act ("FISA") is **GRANTED**. Pursuant to paragraph (3) of the ruling on Defendant's first motion in limine, all references to FISA are precluded.

**<u>Government's Motion in Limine No. 15</u>**. The Government's motion to preclude inquiry or argument about irrelevant aspects of the Government's investigation or classified information outside the scope of the Classified Information Procedures Act ("CIPA") is

**GRANTED**. Pursuant to paragraph (3) of the ruling on Defendant's first motion in limine, all references to counterintelligence aspects of the investigation, including counterintelligence roles of testifying agents, are precluded, except that, pursuant to paragraph (4) of the ruling on the Government's first motion in limine, what the agents communicated to Defendant about the nature and purpose of the investigation may be admitted.

**Government's Motion in Limine No. 16**. The Government's motion to preclude evidence or argument regarding the type or amount of resources used in the Government's investigation of Defendant is **GRANTED** as unopposed. Consistent with paragraph (3) of the ruling on Defendant's first motion in limine and paragraph (4) of the ruling on the Government's first motion in limine, all references to the type of investigation or the resources dedicated by the Government are excluded except what was communicated to Defendant.

**Government's Motion in Limine No. 17**. The Government's motion to preclude evidence or argument concerning the unclassified nature of information conveyed by Defendant to the ROK is **DENIED**. The unclassified nature of the information is probative of Defendant's mental state, and the probative value is not substantially outweighed by the risk of juror confusion or encouragement of jury nullification from the implication that Defendant's conduct was not unlawful because the information she conveyed was not classified.

**Government's Motion in Limine No. 18**. The Government's motion to preclude evidence or argument concerning Defendant's family, background or other personal characteristics is **DENIED**. Defendant is entitled to introduce such background evidence to the extent it is probative of her state of mind.

* * *

The Clerk of Court is respectfully directed to enter on the docket only the following as the substance of this Order:

The Court's detailed rulings are as set forth in this Order. The Court's instructions to the parties, including those regarding proposed limiting instructions, are as set forth above. In sum, the Government's application to:

(i) preclude evidence or argument concerning the subjective intent or motivations of FBI agents who participated in the Interview is **DENIED** as to evidence of the circumstances of the Interview under Rules 401 and 403 because circumstances surrounding the taking of Defendant's statements bear on their credibility and reliability, and otherwise is **GRANTED** as unopposed because Defendant represents that she does not plan to introduce evidence of pre-Interview communications among the FBI agents;

(ii) preclude evidence or argument (a) concerning law enforcement presence not observable to Defendant during the Interview and (b) that officers were armed is **GRANTED** under Rules 401 and 403, <u>except</u> that Defendant may seek to introduce evidence that she was aware of additional officers and that weapons were visible;

(iii) preclude evidence or argument concerning the "Ask Tell Make" document prepared for the Interview is **DENIED** under Rules 401 and 403 because this evidence is probative of the method of questioning by the agents and the credibility and reliability of Defendant's statements during the Interview;

(iv) preclude evidence or argument concerning the nature of the Government's investigation of Defendant is **GRANTED** under Rules 401 and 403, <u>except</u> that Defendant may offer evidence of what the agents communicated to her about the

nature and purpose of the investigation but may not elicit that the communication was untruthful;

(v) preclude evidence or argument concerning Defendant's inquiries regarding legal representation during the Interview is **DENIED** under Rules 401 and 403 because the inquiries are probative of Defendant's state of mind during the Interview and in turn bear on the credibility and reliability of her statements;

(vi) admit evidence or argument concerning the Warning during the Interview should Defendant "open the door" by arguing that her statements were unreliable is **DENIED** under Rules 401 and 403 because any probative value is substantially outweighed by the risk of unfair prejudice from the jury declaring guilt based on an uncharged false statements offense;

(vii) preclude evidence or argument concerning punishment is **GRANTED** as unopposed, and concerning consequences Defendant has faced from being charged or may face if convicted is **DENIED** without prejudice because the admissibility of consequences Defendant has already faced from being charged may depend on events that unfold at trial;

(viii) preclude evidence or argument that the ROK is an ally of the United States and evidence or argument that Defendant's conduct furthered U.S. foreign policy is **DENIED** under Rule 403 because this evidence has significant probative value regarding Defendant's willfulness in failing to register;

(ix) preclude evidence or argument that the charges are selective or novel, threaten First Amendment activity or were otherwise brought for improper reasons is **GRANTED**, except that Defendant may offer evidence tied to her own contemporaneous

understanding of her duty to register, including the FARA training she received at the Wilson Center;

(x) preclude evidence or argument that others have engaged in conduct similar to Defendant's absent a sufficient connection to Defendant's relevant contemporaneous knowledge and intent is **GRANTED**;

(xi) preclude evidence or argument concerning the Department of Justice's FARA enforcement priorities is **GRANTED** because the Government's discretionary charging decisions or policies are irrelevant;

(xii) prohibit cross-examination of the Government's expert on an excerpt from his book is **RESERVED** pending resolution of Defendant's motion to exclude the expert;

(xiii) admit Defendant's own statements is **DENIED** without prejudice subject to renewal through the submission of the letter outlined in the Order;

(xiv) admit two exhibits for a non-hearsay purpose is (1) **DENIED** without prejudice to renewal at trial as to the May 31, 2021, email after a showing that Defendant received or saw the email, and (2) **GRANTED** as unopposed as to photographs from Defendant's phone of FARA training slides;

(xv) find that alleged co-conspirator statements are admissible at trial under Rule 801(d)(2)(E) is **RESERVED** consistent with the ruling on Defendant's third motion in limine;

(xvi) preclude Defendant from introducing her own statements is **RESERVED** until trial;

(xvii) preclude evidence or argument concerning Korean cultural norms around gift giving is **DENIED** under Rules 401 and 403 because such evidence is probative of Defendant's state of mind and not substantially outweighed by the risk of confusing

the jury or wasting time;

(xviii) admit Defendant's statements during the Interview concerning the circumstances of her departure from the CIA is **DENIED** under Rules 401 and 403 because any minimal probative value is substantially outweighed by the risk of unfair prejudice and confusing the jury;

(xix) preclude evidence or argument concerning Defendant's prior good acts or purported commendable service with the U.S. government is **DENIED** based on Defendant's representation that this evidence is offered to demonstrate her policy views, expertise and public service and provide context for the Government's intended portrayal of Defendant's career;

(xx) preclude evidence or argument regarding Defendant's non-receipt of a FARA LOI is **GRANTED** under Rules 401 and 403, except that evidence or argument may be admissible if Defendant lays a foundation connecting her non-receipt of an LOI with her subjective understanding of her obligations;

(xxi) preclude reference to the fact that certain material was derived from searches pursuant to FISA is **GRANTED** because all references to FISA are precluded pursuant to paragraph (3) of the ruling on Defendant's first motion in limine;

(xxii) preclude inquiry or argument about irrelevant aspects of the Government's investigation or classified information outside the scope of CIPA is **GRANTED**, except that, pursuant to paragraph (4) of the ruling on the Government's first motion in limine, what the agents communicated to Defendant about the nature and purpose of the investigation may be admitted;

(xxiii) preclude evidence or argument regarding the type or amount of resources used in the

Government's investigation of Defendant is **GRANTED** as unopposed;

(xxiv) preclude evidence or argument concerning the unclassified nature of information conveyed by Defendant to the ROK is **DENIED** because the probative value of such evidence or argument is not substantially outweighed by the risk of juror confusion or encouragement of jury nullification;

(xxv) preclude evidence or argument concerning Defendant's family, background or other personal characteristics is **DENIED** because Defendant is entitled to introduce such background evidence to the extent it is probative of her state of mind.

Defendant's motion for oral argument is **DENIED** as moot.

Dated: October 7, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE