UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>SUE MI TERRY,<br>Defendant. | : | 24 Crim. 427 (LGS)<br><br>**ORDER** |

LORNA G. SCHOFIELD, District Judge:

Defendant filed nine motions in limine. The motions are resolved as follows:[1]

## I. DEFENDANT'S MOTIONS IN LIMINE

**Defendant's Motion in Limine No. 1**. Defendant's motion to:

(1) prohibit the Government from using espionage rhetoric is in large part **GRANTED** under Rules 401 and 403, except that -- after opening statements -- the Government may elicit testimony that uses any term that Defendant herself used *unprompted* by the Federal Bureau of Investigation ("FBI") agents who interviewed her, and only then by giving notice and obtaining Court approval at least two trial days in advance of eliciting such testimony. There is little or no probative value to labeling Defendant as a "source," National Intelligence Service ("NIS") officials as "handlers," intelligence officers' use of a diplomatic title as "diplomatic cover" or their networking efforts as "recruiting." Such language, invoking "espionage or spying[,] would be inflammatory and unfairly prejudicial." *See United States v. Sun*, No. 24 Crim. 346 (E.D.N.Y. Nov. 3, 2025), Dkt. No. 238 ¶ 22. The lack of probative value is substantially outweighed by the risk of unfair prejudice by casting Defendant as a foreign agent to the jury, when that is an

[1] All references to "Rules" refer to the Federal Rules of Evidence.

element of the charged crime that the Government must prove through evidence. Contrary to the Government's position, these are not neutral descriptors of the conduct at issue. However, these terms may have probative value if contained in evidence, such as Defendant's own statement -- provided the language was unprompted and defined in the same way that the Government is using it.

(2) prohibit the Government from introducing the Government of the Republic of Korea ("ROK") officials' alleged use of spycraft tactics is **GRANTED** as to use of spycraft terminology or generalized descriptions of how intelligence officials act under Rules 401 and 403 as irrelevant and inflammatory. The motion is **DENIED** to the extent that it seeks to exclude evidence demonstrating the nature of Defendant's relationship and course of conduct with ROK officials. Defendant's relationship with these officials is probative of Defendant's agency status and not substantially outweighed by the risk of unfair prejudice or confusing the issues.

(3) exclude reference to the Government's investigation as a "counterintelligence" operation, the Government's collection of evidence pursuant to the Foreign Intelligence Surveillance Act ("FISA") and the scope of and resources devoted to the Government's investigation of Defendant is **GRANTED** as unopposed.

**<u>Defendant's Motion in Limine No. 2</u>**. Defendant's motion to preclude the Government from referring to information Defendant shared as "nonpublic" or "off-the-record" is **DENIED**. Defendant's motion originally sought to preclude the use of "nonpublic U.S. Government information," and the Government has agreed to use the term "nonpublic information" instead. "Nonpublic" and "off-the-record" are neutral and commonly understood terms. That Defendant allegedly shared such information is probative of an agency relationship and is not substantially

outweighed by any risk of unfair prejudice or confusion. Defendant may request a jury instruction that none of the information that Defendant received or shared was classified or restricted by a legal nondisclosure obligation, and the parties shall endeavor to agree on such an instruction and submit it to the Court at least one trial day in advance of its being requested.

**Defendant's Motion in Limine No. 3**. Defendant's motion to require the Government to proffer evidence prior to admitting co-conspirator statements is **GRANTED**. The Government in its opposition has attempted to make such a proffer but has fallen short of the necessary showing for pre-admission of co-conspirator statements at trial subject to connection. Consequently, the Government must make the necessary evidentiary showing prior to introducing (or referencing) any co-conspirator statements, request a ruling and then, if successful, offer the co-conspirator statements.

In order to admit an out-of-court statement made by a co-conspirator of a party offered for its truth under Rule 801(d)(2)(E), a district court must find by "a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy."[2] *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011). Admitting the alleged co-conspirator statements under this Rule implicates Defendant's Sixth Amendment right to confront adverse witnesses, *see United States v. Dennis*, 132 F.4th 214, 239 (2d Cir.), *cert. denied*, 146 S. Ct. 837 (2025), who are ROK nationals who presumably will not appear at trial and will not be available for cross-examination.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

The Government has asserted that it "expects to offer evidence that [Defendant] and ROK officials engaged in a nearly decade-long conspiracy for her to work at their direction and for her to *conceal the true nature of their relationship by not registering*" (emphasis added). But the Government's proffer that NIS official Roh googled the Foreign Agents Registration Act ("FARA") in 2018, twenty months before his relationship with Defendant, is insufficient. Other proffered evidence that the alleged co-conspirators sought to conceal the relationship is not enough to show that they agreed that Defendant would shirk a known legal duty to register.

**Defendant's Motion in Limine No. 4**. Defendant's motion to require the Government to identify specific conduct that the Government will argue is registrable activity under 22 U.S.C. § 611(c) is **DENIED**. This request was previously rejected in the Opinion & Order denying the motion for a bill of particulars, and Defendant identifies no legal basis that requires the Government to disclose this information now. For the reasons stated in the Government's opposition, the § 611(c) activity that supports an agency relationship is not an element of FARA and does not require unanimity of the jury. Identification of registrable conduct also is not needed to ensure compliance with FARA's limitations period because that issue is bound up in questions of fact, which can be addressed after the presentation of evidence trial. *See United States v. Sampson*, 898 F.3d 270, 279 (2d Cir. 2018) (noting that when a "defense raises dispositive evidentiary questions, a district court must defer resolving those questions until trial").

**Defendant's Motion in Limine No. 5**. Defendant's motion to exclude evidence of personal gifts received by Defendant from ROK officials is **DENIED** under Rules 401 and 403. Based on the Government's representations, the evidence is probative, suggesting that Defendant acted at the request or direction of NIS officials who purchased high-end items for Defendant

within days or weeks of her alleged conduct involving the same officials and benefiting the ROK. Contrary to Defendant's argument, the price and brand of the gifts are what make them especially probative. Nor is this or any other evidence probative of an agency relationship only where there is a direct connection to an activity defined in § 611(c). The probative value of this evidence is not substantially outweighed by the risk of unfair prejudice from jurors who might disapprove of Defendant's accepting and possessing these expensive gifts.

**Defendant's Motion in Limine No. 6**. Defendant's motion to exclude evidence of meals and drinks shared by Defendant and ROK officials is **DENIED** under Rules 401 and 403. Based on the Government's representations and the Indictment, the individual meals have a close temporal connection to actions that Defendant allegedly took to benefit the ROK, which is probative of an agency relationship. The course of conduct -- regular expensive meals at prestigious restaurants paid for by an NIS official over an extended period -- is also probative of an agency relationship. Contrary to Defendant's position, the price and prestige of the meals are key to their probative value, which is not substantially outweighed by the risk of unfair prejudice from "inviting judgment based on perceived wealth, status, or taste."

**Defendant's Motion in Limine No. 7**. Defendant's motion to exclude evidence of donations to the Wilson Center is **DENIED** under Rules 401 and 403. Based on the Government's representations, the evidence is highly probative of Defendant's agency status and state of mind, given the alleged efforts taken to conceal the source of the donations and the alleged direct financial benefit to Defendant. The Government's proffer also demonstrates a direct link between the donations and conduct requested of Defendant by NIS officials. The probative value of the donations evidence is not substantially outweighed by any risk of unfair

prejudice from an unfounded implication that Defendant received a personal benefit directed by the ROK because that implication is supported directly by the Government's proffer.

**Defendant's Motion in Limine No. 8**. Defendant's motion to exclude evidence of the False Statements Certification portion of a disclosure form that Defendant signed prior to testifying before Congress is **GRANTED** as unopposed under Rules 401 and 403, except that the Government may introduce the certification should Defendant "open the door" by suggesting that she acted unwittingly when she signed the form attesting that she was not an active FARA registrant. In that circumstance, the probative value of the certification (injecting the threat of legal consequences) outweighs the risk of unfair prejudice or confusion from reference to an uncharged (and likely inapplicable) crime.

**Defendant's Motion in Limine No. 9**. Defendant's motion to exclude the testimony of the Government's anticipated witness regarding forensic extractions is **DENIED** under Rule 701. The Government may adduce testimony from a lay witness regarding the extraction of electronic devices. *See United States v. Marsh*, 568 F. App'x 15, 17 (2d Cir. 2014) (summary order) (affirming use of lay testimony relating to electronic search of device where witness described the search and its contents); *accord United States v. Saipov*, No. 17 Crim. 722, 2023 WL 4199415, at *11 (S.D.N.Y. June 27, 2023) (explaining that testimony regarding the forensic search of an electronic device is not expert testimony). However, the witness identified in the letter appended to the Government's opposition, Ms. Angell, is limited to testifying about the practices used for extractions in this case and the contents of those extractions.

* * *

The Clerk of Court is respectfully directed to enter on the docket only the following as the substance of this Order:

The Court's detailed rulings are as set forth in this Order. The Court's instructions to the parties, including those regarding proposed limiting instructions, are as set forth above. In sum, Defendant's application to:

(i) prohibit the Government from using espionage rhetoric is in large part **GRANTED** under Rules 401 and 403, except that -- after opening statements -- the Government may elicit testimony that uses any term that Defendant herself used *unprompted* by the FBI agents who interviewed her, and only then by giving notice and obtaining Court approval at least two trial days in advance of eliciting such testimony;

(ii) prohibit the Government from introducing ROK officials' alleged use of spycraft tactics is **GRANTED** as to use of spycraft terminology or generalized descriptions of how intelligence officials act. The motion is **DENIED** to the extent that it seeks to exclude evidence demonstrating the nature of Defendant's relationship and course of conduct with ROK officials;

(iii) exclude reference to the Government's investigation as a "counterintelligence" operation, the Government's collection of evidence pursuant to FISA and the scope of and resources devoted to the Government's investigation of Defendant is **GRANTED** as unopposed;

(iv) preclude the Government from referring to information Defendant shared as "nonpublic" or "off-the-record" is **DENIED**;

(v) require the Government to proffer evidence prior to admitting co-conspirator statements is **GRANTED**;

(vi) require the Government to identify specific conduct that the Government will argue is registrable activity under § 611(c) is **DENIED**;

(vii) exclude evidence of personal gifts received by Defendant from ROK officials is **DENIED**;

(viii) exclude evidence of meals and drinks shared by Defendant and ROK officials is **DENIED**;

(ix) exclude evidence of donations to the Wilson Center is **DENIED**;

(x) exclude evidence of the False Statements Certification portion of a disclosure form that Defendant signed prior to testifying before Congress is **GRANTED** as unopposed, except that the Government may introduce the certification should Defendant "open the door" by suggesting that she acted unwittingly when she signed the form attesting that she was not an active FARA registrant;

(xi) exclude the testimony of the Government's anticipated witness regarding forensic extractions is **DENIED**, except that the witness is limited to testifying about the practices used for extractions in this case and the contents of those extractions.

Defendant's motion for oral argument is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 122.

Dated: October 7, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE