UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SUE MI TERRY,<br><br>Defendant. | **Deferred Prosecution Agreement**<br><br>24 Cr. 427 (LGS) |

TO: SUE MI TERRY

On July 15, 2024, an Indictment was returned by a grand jury in the Southern District of New York, in which you are accused of committing offenses against the United States, to wit, conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of 18 U.S.C. § 371; and violation of FARA, in violation of 22 U.S.C. §§ 612(a) and 618(a)(1) and 18 U.S.C. § 2. However, after a thorough investigation, it has been determined that the interest of the United States of America and your own interest will be best served by deferring prosecution in this District. Prosecution will be deferred during the term of your good behavior and satisfactory compliance with the terms of this agreement for the period of twelve (12) months from the signing of this agreement. The terms and conditions constituting your good behavior and satisfactory compliance are as follows:

(1) You shall refrain from the violation of any law (federal, state and local). You shall immediately contact your U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officer.

(2) You shall not leave the continental United States without permission of your supervising U.S. Pretrial Services Officer.

(3) You shall notify your supervising U.S. Pretrial Services Officer immediately of any change in your place of residence.

(4) You shall follow your supervising U.S. Pretrial Services Officer's instructions and advice.

(5) You shall report to your supervising U.S. Pretrial Services Officer as directed.

Special conditions are as follows:

(6) You shall not knowingly communicate with any officer or employee of the Republic of Korea's National Intelligence Service, including Jin J. Koo, Seungwoo (Steve) Chun, and Hyungju Roh, and any future planned contact with officials from the Republic of Korea must be pre-approved by Pretrial Services. If you have an unexpected contact with a Republic of Korea official, you must notify Pretrial Services within 48 hours of such contact.

(7) To the extent you engage in activity requiring you to register under FARA, you will file a true and complete registration statement with the Attorney General of the United States, as required by law.

(8) You shall not accept any gift over $100 from a foreign government without permission of your supervising U.S. Pretrial Services Officer.

If the United States Attorney determines, in his or her sole discretion, that you have breached any term of this agreement, the United States Attorney may: (1) revoke or modify any condition of this provisional release or change the period of such supervision; (2) discharge you from supervision; or (3) proceed with the prosecution for this offense should the United States Attorney, in his or her sole discretion, deem such action advisable.

If upon completion of your supervision a written report from your supervising U.S. Pretrial Services Officer is received to the effect that you have complied with all the rules, regulations and conditions and special conditions applicable to your deferred prosecution, no further prosecution will be instituted in this District for the above offenses.

Dated: New York, New York
October 12, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________
Samuel Adelsberg
Kaylan E. Lasky
Alexander Li
Chelsea L. Scism
Assistant United States Attorneys

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

The undersigned agrees to the statement of facts set forth in Exhibit A.

The undersigned further agrees to release all right, title, and interest in any physical property seized during the course of this investigation.

Dated: New York, New York
October 12, 2026

Nicholas J. Lewin
Faith E. Gay
Temidayo Aganga-Williams
Anthony S. Barkow
Lee S. Wolosky
Attorneys for Defendant

SUE MI TERRY
Defendant

Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated: New York, New York
October ___, 2026

Honorable Lorna G. Schofield
United States District Judge

The undersigned hereby consents to the foregoing and will accept supervision of the above-named defendant on the conditions set forth herein.

Dated: New York, New York
October 13, 2026

Taelor Nisbeth

Taelor Nisbeth
United States Pretrial Services Officer

**Exhibit A**

**(Agreed Statement of Facts)**

1. In approximately June 2022, after attending a meeting between the then-U.S. Secretary of State and Korea policy experts, Sue Mi Terry ("Terry") met and shared notes with an officer of the Republic of Korea ("ROK")'s National Intelligence Service ("NIS") reflecting primarily (1) her own talking points that she prepared before the meeting, and (2) phrases conveyed to the Secretary of State by other experts in attendance.

2. In approximately July 2022, Terry organized a happy hour for U.S. Congressional staffers that was funded by the government of the Republic of Korea and attended by NIS officers, among others.

3. In approximately 2022 and 2023, Terry sent an NIS officer drafts of three articles, a speech, and Congressional testimony written by Terry prior to their being published or delivered.

4. In approximately April 2023, an official of the Republic of Korea's Ministry of Foreign Affairs asked whether Terry would write an article in *Hankook Ilbo*, a Korean publication, regarding an upcoming U.S.-ROK summit and supporting the U.S.-ROK alliance, and a companion article for *Korea On Point*, another Korean publication. Terry was offered $500 for the companion article, to be paid by *Korea On Point*. Terry later published articles in both Korean publications on this subject.

5. In approximately November 2019 and April 2021, Terry accepted from NIS officers a Bottega Veneta handbag, a Louis Vuitton handbag, and a Dolce & Gabbana coat, collectively valued at approximately $9,245.

6. Between approximately January 2019 and March 2023, Terry dined at restaurants with NIS officers on at least 19 occasions. NIS officers paid for these meals.

7. Between approximately May 2022 and April 2023, Terry raised approximately $37,000 for her employer ("Think Tank-3") from the Republic of Korea's Embassy in the United States following Terry's undisclosed conversations with an NIS officer. Those funds were paid by two checks directly from the Republic of Korea Embassy. Both checks were accepted by Think Tank-3.